UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| C-MART HERALD STREET, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO.  19-10051-IT |
| AMTRUST FINANCIAL SERVICES, INC., as | ) | |
| successor in interest to PUBLIC SERVICE | ) | |
| INSURANCE COMPANY and MAGNA | ) | |
| CARTA COMPANIES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

This matter is before the court on "Plaintiff, C-Mart Herald Street, LLC's Motion to Compel

Supplemental Responses to Requests for Production of Documents and Interrogatories to the

Defendants, Amtrust Financial Services, Inc. and Magna Carta Companies, Inc." (Docket No. 58).

After consideration of the parties' written submissions and their oral arguments, the motion is

ALLOWED IN PART and DENIED IN PART as follows:

1.      The plaintiff shall identify any additional dates on which additional pre-insurance

inspection reports may have taken place.  The defendants shall conduct a search based on any

dates provided by the plaintiff to determine whether any additional pre-insurance inspection

reports exist and should be produced.

2.      As agreed, the defendants will attempt to produce relevant portions of the loss

transfer agreement prior to the deposition of Public Service Insurance Company's ("PSIC's)

president.

3.    This court will defer a final ruling on C-Mart's requests for e-discovery pending the completion of the deposition of PSIC's president.  Within **2 weeks**, the parties shall file a Joint Status Report indicating whether an additional hearing is necessary to address remaining disputes regarding e-discovery.

4.    With respect to the plaintiff's motion to compel information pertaining to the defendants' relationships with Dinely Claims Services, Inc. ("Dinely") and C.A. Pretzer Associates, Inc. ("C.A. Pretzer"), it is hereby ORDERED as follows:

a.    The defendants shall respond to Interrogatories requesting information regarding (i) how long Amtrust and/or PSIC have been working with Dinely and C.A. Pretzer; and (ii) the amount of total compensation the defendants paid to each entity during the two years prior to and the one year after the date of C-Mart's insurance claim.

b.    The defendants shall produce copies of any agreements between Amtrust and/or PSIC and Dinely, as well as any agreements between Amtrust and/or PSIC and C.A. Pretzer, that were in effect during the two years prior to and the one year after the date of C-Mart's insurance claim.  Any such agreements may be redacted to protect confidential information.

c.    The plaintiff's request for information on how many claims Dinely and C.A. Pretzer worked on where the claim was denied is **denied without prejudice**.

5.    Within **2 weeks**, the parties shall meet and confer to try to reach agreement on (a) whether additional sections of the claims manuals should be produced, and (b) whether the defendants will produce underwriting guidelines applicable to similar situations as the circumstances presented in this case (e.g., vacant buildings).  If no agreement has been reached, the parties shall describe any remaining disputes in the Joint Status Report described in paragraph 3 above.

6.      With the exception of relevant portions of the loss transfer agreement, the plaintiff's motion to compel financial records is **denied without prejudice**.

7.      The defendants shall determine whether an analysis has been conducted regarding the number of snow-related insurance claims, and whether such claims have been denied.  Within **2 weeks**, the parties shall meet and confer to discuss whether any such analysis exists and should be produced.  Any remaining disputes regarding this issue shall be brought to the court's attention in the Joint Status Report described in paragraph 3 above.

8.      Following the completion of the deposition of PSIC's president, the parties shall meet and confer to determine whether a dispute remains regarding Amtrust's response to Interrogatory No. 8.  Any remaining dispute regarding this matter shall be described in the parties' Joint Status Report.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

Dated: July 16, 2021

[3]